### DOCK PLATINBURG v. THE STATE.

No. 153. Decided December 1, 1909.

**1.—Burglary—Evidence—Explanation by Court.**

Where, upon appeal from a conviction of burglary, the court's explanation to defendant's bill of exceptions stated that no objection was made to the evidence complained of, there was no error.

**2.—Same—Evidence—Identification of Stolen Property.**

Where, upon trial for burglary, the goods which the witnesses were permitted to identify as those which had been taken from the burglarized store had been found by the officers in defendant's possession shortly after the burglary, there was no error.

**3.—Same—Charge of Court—Accomplice's Testimony.**

Where, upon trial for burglary, the court's charge on accomplice's testimony was in the approved form, there was no error.

**4.—Same—Charge of Court—Circumstantial Evidence.**

Upon trial for burglary, where the court charged on the law of circumstantial evidence, there was no error, although it was not a case of circumstantial evidence.

Appeal from the District Court of Walker. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of burglary; penalty, three years imprisonment in the penitentiary.

The principal witness for the State was an accomplice, who testified that he stood watch while the defendant and others burglarized the store and took some goods therefrom; that this was at night and that they entered the building by force, and that he helped carry away the goods, some of which were afterwards recovered.

The owner and agent of the burglarized premises testified that they noticed the breaking of the burglarized premises the next morning, and that after several days the officers returned some of the goods missed from the store, some of which they identified. These officers testified that they found these goods in the house of and in the possession of defendant.

*Hill & Elkins,* for appellant.—The court erred in failing to instruct the jury that the defendant could not be convicted on the testimony of Ferrick Watkins, because said Watkins' statement makes him an accomplice, and the court should have required his evidence to be corroborated, and should not have left the question of its corroboration dependent upon a finding by the jury that he was an accomplice. Armstrong v. State, 33 Texas Crim Rep., 417, 26 S. W., 829; Sessions v. State, 37 Texas Crim. Rep., 58, 38 S. W., 605; Wilkerson v. State, 57 S. W., 956; Hatcher v. State, 43 Texas Crim. Rep., 237, 65 S. W., 97; Tate v. State, 77 S. W., 793; Clifton v. State, 79 S. W., 824; Oates v. State, 50 Texas Crim. Rep., 39, 86 S. W., 769; Pate v. State, 93 S. W., 556; Gillespie v. State, 49 Texas Crim. Rep., 530, 93 S. W., 553.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at three years confinement in the penitentiary.

1. Appellant's first bill of exception shows the State witness J. M. Broyles testified as follows: "The window upstairs had been opened by the same party about twice before. I did not see him both times. It is my impression that it was the same party. I did not swear as a fact that the same party opened it twice, but I will swear that it is my impression that it was the same party." Thereby meaning and conveying to the jury that the defendant, Dock Platinburg had burglarized the store of the said Broyles by going through the window upstairs on two different occasions. Appellant objected to this testimony, and moved the court to strike it out, and instruct the jury to disregard it. The bill is approved with this qualification: "The above statement of the testimony is correct, but I can't approve the bill for the reason that the testimony was brought out by defendant on cross-examination, and if any objection was ever made or motion to strike out, I have no recollection of it." This explanation disposes of appellant's bill of exceptions.

2. Appellant's second bill of exceptions show that the witness, Charley Dominy, was permitted to testify, over appellant's objection, as follows: "C. B. Burmingham subsequently turned over some goods to us. Mr. Farris also turned over some to us. Mr. Farris

is sheriff of Walker County. Mr. Burmingham was constable of precinct No. 5 at that time. I identified some of the goods. I identified a counterpane." Appellant objected because it was not permissible for the witness to state that he identified the goods, in that his action in identifying the goods was not evidence against this defendant, because made at a time when the defendant was not present, and were the acts of a stranger to the defendant, and said actions and declarations were incompetent and inadmissible for any purpose. The bill is approved with the explanation that these were the goods found in the private residence of defendant by the sheriff and constable after the burglary. With this statement from the court the evidence was admissible.

3. The third bill of exceptions shows the witness J. M. Broyles was permitted to testify, over appellant's objection, as follows:

"Q. Did anybody bring you any goods which you could identify?" To which the witness answered: "Yes, sir." This bill is approved with the explanation that the testimony had shown that the goods identified were found in defendant's house by officers and were turned over to the witness by the officers. The record shows the witness was the prosecutor. The testimony was admissible.

4. Appellant in his motion for a new trial complains of the charge of the court on accomplice testimony, on the ground that same is not the law and inapplicable to the facts in this case. This charge has been repeatedly approved by this court.

5. The court charged also on circumstantial evidence, and appellant objects to this on the ground that the charge is contrary to the law and inapplicable to the facts in this case. Concede it is not a case of circumstantial evidence, still it could not have injured appellant.

Various other objections are urged by appellant to the charge of the court, all of which we have carefully reviewed. We find no error in this record authorizing a reversal of the judgment and same is in all things affirmed.

*Affirmed.*

[Rehearing denied December 22, 1909.—Reporter.]