### Joe Valigura v. The State.

No. 1939. Decided October 30, 1912.

**Carrying Pistol—Continuance—Motion for New Trial—Diligence.**

Where the State's case showed that the defendant had a pistol, and defendant denied this, and showed in his application for continuance that he could prove by the absent witnesses that they were present at the time and place the State witnesses say he had a pistol and that he had none, and in his motion for new trial, attached the affidavits of said absent witness, who supported the allegation in his application, a new trial should have been granted; although, under the strict rules of construction the diligence was not sufficient.

Appeal from the County Court of Lavaca. Tried below before the Hon. P. H. Green.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Paulus & Ragsdale,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of unlawfully carrying a pistol on and about his person.

The State's case shows that he had a pistol. The appellant denied this. To aid him in his defense he moved for a continuance on account of the absence of certain witnesses by whom he could prove they were present at the time and place the State's witnesses say he had a pistol. Appellant was arrested on the 27th of February. The case was called for trial on the 4th of March, but on account of the absence of his leading counsel the case was postponed until the following day. Process was issued on the 4th of March for his witnesses, but they were not served in time to appear at the trial. Motion to continue was filed on the 5th. The motion was made in the alternative for a postponement or continuance. This was overruled and proper bill of exceptions taken. On the 8th of March application for a new trial was sworn to by the appellant, and attached to this motion was the affidavit of two of these absent witnesses, in both of which it is stated that they would swear to the facts as stated in the application for continuance. Their affidavit sets out in full their testimony, which is to the effect that they would have sworn that they were present at the time and place located by the State's witnesses, and that appellant did not have the pistol. It is deemed unnecessary to go into a detailed statement of these facts. If the evidence of the two witnesses whose affidavits are attached to the motion for new trial is to be believed, then appellant did not have the pistol. It is in direct conflict with the testimony for the State and flatly contradicts the testimony of the State witnesses. Where the absent witnesses are not present and they file their affidavits later, stating substantially the facts set forth in the application for continuance, and they are material and go to the substance of the case and are contradictory of the State's case, and would relieve appellant from punishment if believed by the jury, this court, under its decisions, has heretofore reversed judgments where the motion for new trial was overruled based on the refusal of the application for a continuance. Strictly speaking, perhaps, the diligence may not have been sufficient, but this is the first application for continuance, and the rule in regard to diligence is not held to be so strict as pertains to subsequent applications, and this is especially so where the absent witness comes into court and swears to material facts which, if believed by the jury, would relieve of punishment or even bring about a mitigation of the offense if guilty. We are of opinion that although under the strictest rules of construction the diligence was not sufficient, yet under all the circumstances above stated, the court erred in not granting the application for continuance, and especially in overruling the motion for new trial with the affidavits of the absent witnesses attached.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*