ISRIE CHARLES v. THE STATE.

No. 5205. Decided June 25, 1919.

**1.—Theft—Sufficiency of the Evidence.**

Where, upon trial of theft of property of the value of more than fifty dollars, the evidence sustained the conviction, there was no reversible error.

**2.—Same—Circumstantial Evidence—Charge of Court—Objections.**

In the absence of an exception to the charge of the court in failing to submit and instruct on circumstantial evidence the matter cannot be reviewed on appeal.

**3.—Same—Evidence—Other Testimony—Harmless Error.**

Where, upon trial of theft, testimony had been introduced without objection, exceptions to the same kind of testimony with slight difference were correctly overruled; besides, if there was error the same was harmless. Following Love v. State, 68 Texas Crim. Rep., 228, 150 S. W. Rep., 920, and other cases.

**4.—Same—Sufficiency of the Evidence—Rehearing.**

Where the identification of the defendant was positive, though controverted by the defendant, and the proof of the fraudulent taking of the alleged stolen property was sufficient to sustain the conviction, there was no reversible error.

Appeal from the District Court of Bexar.   Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of theft of over fifty dollars; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wm. L. Schlesinger* and *Chambers & Watson*, for appellant.—On question of insufficiency of evidence: Walker v. State, 14 Texas Crim. App., 609; Williams v. State, 70 Texas Crim. Rep., 275, 156 S. W. Rep., 938; Rios v. State, 69 Texas Crim. Rep., 233, 153 S. W. Rep., 308; Yarbrough v. State, 69 Texas Crim. Rep., 150, 151 S. W. Rep., 545.

*E. A. Berry*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of theft of property of the value of more than fifty dollars, in the thirty-seventh District Court at San Antonio and his punishment fixed at two years confinement in the penitentiary.

Complaint is made of the fact that the evidence is insufficient to support the verdict.   The property taken was $85 in money, which, at the time it was lost, was in a small purse, and this in turn was in a handerchief, all being in the hip pocket of the owner, one Mr. Cook, who, at the time of the alleged theft in September, 1917, was selling gasoline in San Antonio.   On the occasion in question he was making a delivery of gasoline to the Howe Auto Co. on Soledad Street, and was talking to Mr. Howe when the 'phone rang and Mr. Howe went to answer same.   Cook says he pulled out his handkerchief containing the purse and in less than three or four minutes a Mrs. Waters came to him and asked him if he had lost anything. He grabbed for his pocket and said: "Yes, my purse."   She asked him if it was a little bit of a purse, and he said yes, and she then said: "There goes the man who picked it up, down the street in his shirt-sleeves."   Cook ran down the street and stopped a man and Mrs. Waters very promptly told him he had the wrong man.   She

testified that by that time the appellant had disappeared. Mrs. Waters further testified, without objection, as follows:

"When I first saw the purse lying on the walk I do not know where the defendant was, when I first saw him he picked up the pocketbook, he stood there and kind of looked, the purse was kind of between the man's legs and back of him, he kind of give the purse a little shove and picked it up and then started down the street and then started to run. I next saw this man two or three weeks afterward, I saw him up here where the service cars are, and then I said, 'There is the man that got the purse,' I told my husband. On information I gave, this defendant was arrested, and I had to go over to the jail to identify him, and I identified him. This was about two weeks after he picked the pocketbook up. I think the pocketbook was taken about the first of September."

This witness also positively identified appellant as the party who took the purse. It is true that in one place she speaks of the article which she saw him pick up as looking like a knife case, but in each other instance she calls it a purse and says it was lying just behind the witness Cook on the ground and she saw appellant pick the same up and acted as if he were nervous and then he ran away with it. We think the facts as to the ownership and loss of the property, and also appellant's connection therewith of sufficient cogency and strength to justify the jury's finding that he took the purse containing the witness Cook's money.

Complaint is made that the court failed to charge on circumstantial evidence, but no exception was taken to the court's charge and no special instruction presented on this point. In this state of the record authorities are numerous that the failure of the court to so charge is not reversible error.

Complaint is made that the witness Harvey was permitted to state as follows: "I remember the circumstances of the arrest and identification of this defendant, Captain Van Riper and myself made the arrest—We got the first information about this man being the one who picked up the purse through Mr. Waters (witness identifies purse). This is the purse that Mrs. Waters identified afterwards, after the arrest." In view of the fact that the evidence of Mrs. Waters, fully set out above, covers the same ground of that of officer Harvey, except as to identification of the purse which we will notice later, and that her evidence was admitted and was before the jury without objection, when such officer was placed on the stand, makes his evidence harmless, if erroneous. By referring to the quoted portion of her testimony it will be observed that she swore that when she saw the appellant two weeks after the theft she told her husband, "There is the man that got the purse," and also that on information that she gave appellant was arrested and that she had to go to the jail to identify him and did identify him. It has been held by this court that an appellant may not sit quietly by and permit objection-

able evidence to be introduced and remain in the record and have this court hold it reversible error for similar evidence to be admitted over objection. Love v. State, 68 Texas Crim. Rep., 228, 150 S. W. Rep., 920; McKinney v. State, 80 Texas Crim. Rep., 35; Tinker v. State, 77 Texas Crim. Rep., 509; Wagner v. State, 53 Texas Crim. Rep., 306; Bailey v. State, 69 Texas Crim. Rep., 474. This is a very different case from those cited by appellant in support of this contention. The fact that the officer identified the purse before the jury which was not identified by Mr. Cook and Mrs. Waters would not make that fact inadmissible. Platinberg v. State, 57 Texas Crim. Rep., 375; McMillen v. State, 66 Texas Crim. Rep., 288, 146 S. W. Rep., 1190.

No reversible error appearing in the record the judgment of the lower court is affirmed.

*Affirmed.*

ON REHEARING.

June 25, 1919.

LATTIMORE, JUDGE.—This case is before us on appellant's motion for rehearing in which only one point is stressed, and that the fact that the evidence is insufficient to support the verdict, and in deference to the insistence of appellant's counsel we have again carefully reviewed the facts and regret our inability to agree with the contention.

The owner of the property testified that he had just driven from another filling station to the one where he dropped his pocketbook and that he had the pocketbook in his hip pocket, wrapped up in his handkerchief and that at the Soledad station he drew his hankerchief out of his pocket. Mrs. Waters was sitting in her automobile a short distance away and says she saw the pocketbook which she at first thought was a knife case lying just behind and at the feet of the alleged owner and just about the time she saw it the appellant came up and first pushed it to one side and then picked it up and moved rapidly away. Her identification of him was positive and notwithstanding the fact that the appellant and some of his relatives testified to an alibi the jury saw fit to believe her when she said she knew he was the party.

The motion for rehearing is overruled.

*Overruled.*