# APRIL, 1921

EARL MATHASON v. THE STATE.

No. 6069.   Decided April 6, 1921.

**1.—Theft—Transiript—Bills of Exception—Extension of Time—Certiorari.**

Where, the transcript filed in this court nowhere showed any extension of the time for filing bills of exception, a writ of *certiorari* was granted to complete the record, and the State's motion to strike out is overruled; but the court again calls attention to the necessity of carrying out the rules regarding transcripts.

**2.—Same—Affidavit—File Mark—Bills of Exception—Practice in Trial Court.**

This court cannot permit changes in records after same are filed in this court upon *ex parte* affidavit, except in compliance with some law, and where the transcript showed that the date of filing on bills of exception in the court below had been changed, etc., while irregular and improper, yet in view of the present condition of the record the motion by the State to strike out is overruled.

**3.—Same—Continuance—Motion for New Trial—Discretion of the Court.**

While the trial court has large discretion in passing upon a motion for new trial, based on the refusal of a continuance, yet where the motion for new trial is supported by the affidavit of the absent witnesses, deposing to the facts, stated in the application for continuance, the trial court is no longer the judge of the probable truth of said statement, and, in the instant case, a new trial should have been granted.   Following Long v. State, 39 Texas Crim. Rep., 462, and other cases.

**4.—Same—Continuance—Discretion of Court—Variance.**

This court is not prepared to hold that the inquiries by the trial court of the various witnesses as to the presence of the persons named in the application for continuance, was erroneous;   nor do we think a variance appears as to the description of the property.

**5.—Same—Voluntary Return—Recently Stolen Property—Requested Charge.**

Where, upon trial of theft, the evidence did not raise the issue of the voluntary return of stolen property, there was no error in refusing a requested charge thereon.

**6.—Same—Argument of Counsel—Practice on Appeal.**

Where the judgment is reversed and the cause remanded for other reasons, the argument of State's counsel need not be considered.   However, State's attorneys are again reminded not to go outside of the record or indulge in personal denunciations, etc.

Appeal from the District Court of Erath.   Tried below before the Hon. J. B. Keith.

Appeal from a conviction of theft over the value of $50; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Simpson & Moore,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—The decision of this case has been delayed by the failure of the clerk of the trial court to make out and forward to this court a correct transcript. The record now before us shows that at the time of the overruling of appellant's motion for a new trial, the trial court made an order granting ninety days extension of time for the filing of the statement of facts and bills of exception. As said order was extended into the minutes by the clerk of the trial court, it appeared to be an order granting ninety days in which to file said record. When the transcript was filed in this court it nowhere showed any extension of the time for filing bills of exception, and said fact caused the Assistant Attorney General in this court to file a motion to strike out appellant's bills of exception on the ground that same were filed too late; in answer to which appellant filed his motion for *certiorari* to perfect the record, and this court was compelled to grant said writ in order to have inserted in the transcript a correct copy of the order of the trial court granting said extension of time. This court has not been very strict with errors in making up records for the presentation of appeals here, but such errors occur so frequently that we will be compelled to make some very stringent rules regarding same if more care is not exercised. The transcript also shows that the date of the filing of the bills of exception in the court below, has been changed with pen and ink from October 9th to October 7th, after said transcript was prepared for this court. An affidavit and letter of the clerk of the District Court were forwarded to the Assistant Attorney General attempting to set up that he had been induced to make an erroneous file mark upon said bills of exception, and was attempting to correct same by said pen and ink change. We do not understand how a matter of this kind could occur if the file mark was put upon said bills of exception at the time they were originally presented to the clerk. We cannot permit changes in records after same are filed in this court upon *ex parte* affidavits, except in compliance with some law. We are at a loss to understand any necessity for such change since said bills of exception, whether filed October 9th or October 7th, would appear to be well within the ninety days time granted by the trial court, and the motion of the Assistant Attorney General in view of the present condition of the record will be overruled.

Appellant was convicted of theft of certain diamonds and his punishment fixed at five years in the penitentiary.

When the case was called for trial appellant asked for a continuance to obtain the testimony of Bert Nicholson, Fred Williams and Mrs. Basil Matthewson. The application for continuance appears in this record under the head of "Plea of Defendant" and shows to have been made on June 15, 1920. The matter is complained of in appellant's bill of exceptions No. 1 which shows that the trial term of the court below began on May 31, and that the indictment was returned against

appellant on June 9, 1920, he being then confined in jail. Said application further states that on June 12th and as soon as his case was set for trial appellant made proper application for subpoenas for said witnesses, all of whom resided out of the county of the trial. The transcript is in such condition as to make it difficult for use to ascertain just the order of the events involved in the trial. The judgment of guilty shown on page 8 thereof makes it appear that the cause was called for trial on June 11th, and that the verdict of guilty was rendered on that day, and if this were true appellant's application was properly denied, because he made no application for subpoenas until the 12th. However, we conclude from a careful examination of other documents besides the judgment, that the date of said judgment is erroneous.

The time allowed appellant in which to obtain out of county witnesses was not very great and we believe sufficient diligence was shown. The subpoenas were issued on the 12th and made returnable on the 14th, and it appears from the returns of the officers on the process that none of said witnesses were served prior to the trial and none of them appeared and testified. Appellant made a motion for a new trial based in part on the overruling of said application for continuance, and attached to said motion the affidavits of Bert Nicholson and Mrs. Basil Matthewson, each of whom swore to substantially the facts set up in the application as expected from them. These facts if true were of such nature as to have defeated the State's case. The trial court attaches to said bill of exception No. 1 his qualification and statement to the effect that during the trial he made every effort to ascertain if the witnesses named in the application for continuance, or any of them were shown to be present at the scene of the alleged theft, and that he was satisfied from the testimony of the other witnesses that said witness Bert Nicholson and Fred Williams were not present, and that the witness Mrs. Matthewson was connected with the alleged theft and assisting appellant in its commission, and that it was the opinion of the trial corut that the application for continuance was made for delay, and that said witnesses if present would not testify as set out, and that their testimony yould not probably be true. We are aware of the numerous decisions holding that under our statute the trial court has large discretion in passing upon a motion for new trial based on the refusal of a continuance, and ordinarily we would uphold such action of the court below; but we are confronted by apparently an unbroken line of decisions of this court holding that when the motion for a new trial is supported by the affidavits of the absent witnesses deposing to the facts stated in the application, the trial court is no longer the judge of the probable truth of said statements, and that to so hold would be to substitute the judge's decision as to the weight and truthfulness of the testimony, for that of the jury. Long v. State, 39 Texas Crim. Rep., 462, 46 S. W. Rep., 821; Baines v. State, 42 Texas Crim. Rep., 510, 61 S. W. Rep., 119; LeRoy v. State, 43 Texas Crim. Rep., 556, 67

S. W. Rep., 409; Freeman v. State, 75 S. W. Rep., 505; Lawhon v. State, 46 Texas Crim. Rep., 555, 81 S. W. Rep., 714; Long v. State, 48 Texas Crim. Rep., 435, 88 S. W. Rep., 809; Sneed v. State, 100 S. W. Rep., 922; Thomas v. State, 51 Texas Crim. Rep., 330, 101 S. W. Rep., 797; Morgan v. State, 54 Texas Crim. Rep., 549, 113 S. W. Rep., 934; Davis v. State, 64 Texas Crim. Rep., 8, 141 S. W. Rep., 264; McMillan v. State, 66 Texas Crim. Rep., 288, 146 S. W. Rep., 1190; Rhea v. State, 67 Texas Crim. Rep., 197, 148 S. W. Rep., 578; Valigura v. State, 68 Texas Crim. Rep., 12, 150 S. W. Rep., 778; Baxter v. State, 68 Texas Crim. Ry., 136, 150, S. W. Rep., 912. In view of these decisions we are impelled to hold that the motion for new trial should have been granted because of the error in overruling said application for continuance.

We are not prepared to hold that the inquiries by the trial court of the various witnesses as to the presence of the persons named in the application for continuance, at the scene of the alleged theft, was erroneous. Nor do we think a variance appears in the allegations and proof because the property as described in the indictment as diamonds, and the proof showed that said diamonds were set in rings.

Appellant asked a special charge on the voluntary return of recently stolen property, but we are not in accord with the proposition that there was any evidence calling for such charge. No eyewitness testified for the appellant, and while the testimony for the State does not go fully into the details of the occurrence, we gather from it that appellant had gone behind the show case in the store of the owner of said diamonds and had taken from said show case a tray containing eight diamond rings, and had concealed same beneath his coat and was crawling away from the show case when the son of the proprietor discovered him on his knees trying to make his escape and took from his said diamonds. Under these facts there would appear to be nothing calling for a charge on the voluntary return of stolen property.

The argument of the district attorney was manifestly improper, but same will not likely occur on another trial and we will not further discuss same than to remind the State's attorneys as we have often done that it is not necessary in order to secure convictions of criminals whose guilt sufficiently appears from the evidence, to go outside the record or indulge in personal denunciation of the accused in the course of the argument.

For the error in overruling the motion for continuance the judgment of the trial court will be reversed and the cause remanded.

*Reversed and remanded.*