**TURNER et al. v. STATE.    (No. 6241.)**

(Court of Criminal Appeals of Texas.    May 3,
1922.)

**1. Criminal law ⬅641(1)—Refusal to permit
defendants to communicate with their counsel
outside of sheriff's presence violates defend-
ants' constitutional rights.**

To deny defendant the privilege of advice of
counsel in the preparation of his case for
trial is an unwarranted abridgment of right
guaranteed by Constitution, Bill of Rights, to
be heard by counsel, and article 1046 makes it a
crime for any official to willfully prevent a pris-
oner from consulting or communicating with his
counsel, and refusal to permit defendants to
communicate with their counsel except in sher-
iff's presence violates defendants' constitutional
rights.

**2. Criminal law ⬅598(10)—Failure of ac-
cused to prepare for trial is not laches, when
caused by officers denying privilege of con-
sulting counsel.**

While one accused of crime is charged with
diligence in the preparation of his case for
trial, the failure to prepare cannot be laches
when it is due to the action of the officer who
has charge of the prisoner in denying the priv-
ilege of consultation with his counsel.

**3. Criminal law ⬅641(1)—Sheriff's refusal to
permit consultation of counsel outside of his
presence violates defendants' constitutional
rights.**

The demand of the Constitution that one
accused of crime shall be accorded the benefit
of counsel is not satisfied when the officer hav-
ing the prisoner in custody requires that he be
present at the interview, for the law contem-
plates a private and confidential communication
between the attorney and client, and Code Cr.
Proc. 1911, art. 793, seals the mouth of the
attorney, but the law does not seal the mouth
of the sheriff, and a communication ceases to be
privileged when uttered in the presence of a
third party.

**4. Criminal law ⬅590(1)—Defendants, de-
nied the privilege of conference with their
counsel, held entitled to postponement of
trial.**

Where defendants from the time of their
incarceration until the day before the trial were
in custody of an officer who denied the privilege
of a private conference with their counsel, and
there was evidence which would support their
testimony to establish an alibi by showing busi-
ness transactions with strangers in another
place at the time the crime was committed,
*held* that their motion for continuance for a
reasonable time should have been granted.

Appeal from District Court, Clay County;
H. F. Weldon, Judge.

Jack Turner and Ed Barton were convict-
ed of burglary, and they appeal.    Reversed
and remanded.

John T. Spann, of Dallas, Wantland &
Dickey, of Henrietta, and Chas L. Black,
of Austin, for appellants.

R. G. Storey, Asst. Atty. Gen., for the
State.

MORROW, P. J.    The appeal is from a
conviction of the offense of burglary; pun-
ishment fixed at confinement in the peniten-
tiary for two years.

A drug store in the village of Byres was
burglarized on Saturday night.    On the Sun-
day afternoon following the appellants and
another young man were arrested in the town
of Henrietta, the county seat of Clay county.
There were missed from the store some coins,
which were not described further than to
say that it was change in the cash drawer.
Two bottles of perfume and some cigars were
also missed.    An automobile was taken from
the garage of the owner of the drug store.
This was found some distance from Byres,
where it was abandoned, and around it were
some footprints.

The weather was rainy, and at the time of
their arrest, the appellants and their com-
panions were in bed at a hotel in Henrietta,
Tex.    In their possession were found arti-
cles corresponding to the general description
of those lost.    The money, of course, could
not be identified; neither could the cigars
nor the perfume, other than it was of a kind
like that which was missing.

Upon these circumstances and some oth-
ers the state depended for a conviction.
The arrest was made on the 24th of October,
and the appellant remained in jail until the
time of their trial, which took place on the
1st day of December.    On the trial, they tes-
tified, in substance, that they were going on
foot from a point in Oklahoma, where they
had been in search of work, to the oil fields
of Texas; that they were in the village of
Byres on the Saturday preceding the bur-
glary, and that they left there during the
evening before the time at which the testi-
mony shows the store to have been closed,
and went to the village of Petrolia.    They
explained the possession of the articles by
the statement that they found them on the
bumper of a box car at Petrolia, wrapped
in a wet blanket.

[1] While at Petrolia, they were in various
places of business, and had transactions with
reference to buying food and making applica-
tion for work; that they were strangers, and
were unable to name any of the parties with
whom they had talked.    Their testimony, if
true, established an alibi.

Before going to trial, they presented a mo-
tion to postpone the trial.    In the motion, it
is shown that from the time of their arrest
until the 30th day of November, they were in
jail and were denied the privilege of con-
sulting their attorneys; that repeated ef-

forts were made by the attorneys whom they had selected to interview them, but the sheriff refused to permit any conversation between them except in his presence; that in the course of the efforts of their attorneys to see them and converse with them and prepare their case for trial, they appealed to the district judge, and obtained from him an order, directing the sheriff to afford an interview. The sheriff, however, declined to comply with this order, and the effort to consult their attorneys in person and privately was not afforded until the new sheriff came into office, which took place on the day before the trial began, and that at that time they communicated to their attorneys the substance of the matters which have been detailed, and to which they testified upon the trial. The postponement was requested upon the theory that by the delay (which was not to be made beyond the expiration of the term of court) they would be able, by description, to identify the persons with whom they had talked, and whom they had seen while in the village of Petrolia; that they were unacquainted with the names of these parties, but that they could furnish such description as would enable the attorneys, upon investigation, or to enable them, upon release on bond, to identify them. The motion was denied. The facts were sworn to by the appellants and their attorneys. There is no qualification of the bill of exceptions taken to the refusal of the court to postpone the case, and the defensive theories of the appellants are supported alone by their testimony and that of the codefendant.

Concerning the rights of a person accused of crime, the Bill of Rights (section 10) says:

"He shall have the right of being heard by himself or counsel or both, shall be confronted with the witnesses against him, and shall have compulsory process for witnesses in his favor."

This, like other provisions of the Constitution, requires the obedience and support of public officials. The law does not restrict the right of representation by counsel to the mere matter of appearance upon the trial of his case. To deny him the privilege of the advice of counsel in the preparation of his case for trial is an unwarranted abridgment of the right guaranteed him by the Constitution. Mindful that it is essential to the enjoyment of this right that free and private communication with his counsel be permitted, the Legislature has by statute inhibited the disclosure by the attorney at law of matters revealed to him by his client coming to his knowledge by reason of such relationship (Code of Crim. Proc. art. 793), and has by penal statute said:

"If any officer or other person having the custody of a prisoner in this state shall willfully prevent such prisoner from consulting or communicating with counsel, or from obtaining the advice or services of counsel in the protection or prosecution of his legal rights, he shall be punished," etc. Penal Code, art. 1046.

The courts have carefully guarded this privilege when it has been assailed. Jackson v. State, 55 Tex. Cr. R. 79, 115 S. W. 262, 130 Am. St. Rep. 792; Ruling Case Law, vol. 8, p. 83; Ex parte Heidingsfelder, 84 Tex. Cr. R. 206, 206 S. W. 351; Ex parte Snodgrass, 43 Tex. Cr. R. 365, 65 S. W. 1069; Holden v. State, 44 Tex. Cr. R. 383, 71 S. W. 600; Herring v. State (Tex. Cr. App.) 42 S. W. 301.

The Supreme Court in another state has said:

"Undoubtedly the clause of the Constitution under consideration was adopted to secure to the accused person all the benefits which could flow from the employment of counsel to conduct his defense; and to give him those it is essential that he should be allowed to consult with his counsel not only during the actual trial, but prior thereto, in order to prepare for his defense. Where a right is conferred by law, everything necessary for its protection is also conferred, although not directly provided for. The privilege of the presence of counsel upon the trial would be a poor concession to the accused, if the right of consultation with such counsel prior to the trial was denied. To give life and effect, therefore, to the provision of the Constitution under consideration, it must be held to confer upon the relator every privilege which will make the presence of counsel upon the trial a valuable right, and this must include a private interview with his counsel prior to the trial." People ex rel. Burgess v. Risley, 1 N. Y. Cr. R. 492; 44 L. R. A. (N. S.) p. 1083, note.

On this subject, this court has said:

"It is not necessary that the party desiring counsel should be preparing a defense against some accusation after an indictment found or after arrest. The statute is broader and fully comprehends every possible situation in which an accused person or person under arrest or not under arrest desire to consult with counsel, or communicate with counsel, or obtain advice or services of counsel in the protection of his rights, or even supposed legal rights." Hamilton v. State, 68 Tex. Cr. R. 427, 153 S. W. 336.

[2] While one accused of crime is charged with diligence in the preparation of his case for trial, the failure to prepare cannot be laches when it is due to the action of the officer who has charge of the prisoner in denying the privilege of consultation with his counsel. Reasonable opportunity to prepare for trial cannot be justly denied. Valigura v. State, 68 Tex. Cr. R. 12, 150 S. W. 778; Mapes v. State, 14 Tex. App. 129; Corpus Juris, vol. 16, p. 482.

[3] The demand of the Constitution that one accused of crime shall be accorded the benefit of counsel is not satisfied when the officer having the prisoner in custody requires that he be present at the interview.

The law contemplates a private and confidential communication between the attorney and client. It seals the mouth of the attorney. His client may freely disclose to him all pertinent matters, but, if they are heard by the sheriff, his mouth is not sealed. A communication ceases to be privileged when uttered in the presence of a third party. The insistence in the instant case that the sheriff be present amounts to a denial of the privilege guaranteed by the Constitution.

Upon this subject, the Court of Criminal Appeals in the state of Oklahoma has said:

"Therefore, if parties in prison and charged with crime are compelled to consult their attorneys in the presence of an officer or officers of the law, the very object and purpose of the Constitution and of the statute would be defeated, because such officer or officers could testify as to any statements passing between such defendants•and their attorneys, or could otherwise disclose such secrets against the will and to the injury of such defendant. This alone would render such consultations a miserable and contemptible farce. It therefore necessarily follows that it is the absolute right of parties charged with crime to consult privately with their attorneys, and that it is an illegal abridgment of this right for a sheriff, jailer or other officer to deny to a defendant the right to consult his attorneys, except in the presence of such officer. We think that this question .is too plain for argument, and that the statement of the proposition amounts to its demonstration. * * *

"It is the duty of officers having the custody of persons charged with crime to afford them a reasonable opportunity to privately consult with their attorneys, without having other persons present, taking such precautions as may be necessary, according to the circumstances of each case, to prevent the escape of such prisoner. * * *

"It matters not what the officers may think of the guilt of a defendant, the law presumes that he is innocent until his guilt has been legally pronounced by an impartial jury in a fair trial. It matters not how humble, poor, or friendless he may be, or how strong and influential the feeling against him, it is his absolute right to have a fair opportunity to prepare for trial and to present his defense. The law is not hunting for victims or seeking to offer up vicarious atonements. Punishment should never be inflicted as such before a conviction, and there should be no conviction, unless it be legally established to the satisfaction of the jury, beyond a reasonable doubt, that the defendant is guilty of the crime charged against him. No attempt to railroad any man to the penitentiary or to the gallows, it matters not how guilty he may be, should for one moment be tolerated by any court. If a defendant cannot be convicted without denying him a reasonable opportunity to prepare for trial, and a fair trial, he should not be convicted at all. Any other rule would make a myth of justice and a snare and a delusion of courts." State ex rel. Tucker v. Davis et al., 9 Okl. Cr. 99, 130 Pac. 964, 44 L. R. A. (N. S.) 1083.

[4] In the instant case, from the time of their incarceration until the day before the trial, the appellants were, by the officer who had them in custody, denied the privilege of a conference with their counsel as contemplated by the laws of the land. When they finally had the opportunity of revealing to their counsel that there was evidence which would support their testimony to the effect that they were innocent, their motion to postpone the trial for a reasonable time was a request which, under the facts, in our judgment, the trial court was not warranted in refusing.

The failure to grant the motion was error, because of which the judgment of conviction is reversed, and the cause remanded.