### Erasmus Lopez v. The State.

No. 10936.   Delivered May 4, 1927.

Rehearing denied June 1, 1927.

**1.—Possessing Intoxicating Liquor—No Statement of Facts, Nor Bill of Exception.**

There being no statement of facts, nor bills of exception in the record now before the court, nothing is presented for review, and the judgment is affirmed.

#### ON REHEARING.

**2.—Same—No Bill of Exception—Practice on Appeal.**

Since the affirmance of the judgment, appellant has filed a proper statement of facts, but no bill of exception appears. His complaint on rehearing of the admission of hearsay evidence, and the court's failure to charge on circumstantial evidence, together with the explanation that he was not represented on his trial by counsel, cannot be considered, in the absence of a bill of exception. See Charles v. State, 85 Tex. Crim. Rep. 534.

**3.—Same—Duty of Prosecuting Attorneys.**

When one accused of crime is put to trial without counsel to protect his legal rights, common fairness should deter prosecuting officers from introducing into the case any obviously improper evidence, and when such an attempt is made, the trial court should promptly interpose his authority to prevent it.

Appeal from the District Court of Gillespie County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale.

The opinion states the case.

*C. J. Andrews* and *Leonard Brown* of San Antonio, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the unlawful possession of intoxicating liquor for the purpose of sale, the punishment being one year in the penitentiary.

The record is before us without statement of facts or bills of exception. In this condition nothing is presented for review.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—This case was tried in the lower court on the 23rd day of February. Motion for new trial was overruled on the 3rd day of March, court adjourning the same day. No extension of time for filing statement of facts was granted. The transcript reached and was filed in this court on the 18th day of April, and the judgment affirmed on the 4th day of May, at which time no statement of facts was on file. We now find a statement of facts in the record which was approved by the trial judge on the 29th day of April, filed in the lower court on the 19th day of May, and in this court on the 20th day of May, all being within ninety days from the time notice of appeal was given. A clause of subdivision 5, Art. 760, C. C. P., reads as follows:

"A statement of facts in a felony case filed within ninety days from the date the notice of appeal is given shall be considered as having been filed within the time allowed by law for filing same, notwithstanding the succeeding provisions of this subdivision."

It seems clear that we are under obligation in obedience to the statute quoted to consider the statement of facts.

Appellant bases his motion for rehearing on the claim that it is revealed by the statement of facts that hearsay evidence went before the jury, that witnesses were permitted to state their

conclusions, and that other improper evidence was received, notably proof that appellant made no statement on the examining trial. It is insisted that we should consider these matters because appellant had no attorney representing him, although no complaints are brought forward by bills of exception. However much we might feel constrained to adopt appellant's suggestion, we are unaware of any right on the part of this court to consider such complaints in the absence of bills bringing them forward for review. The same is true of appellant's insistence that the facts call for a charge on circumstantial evidence. It has been held many times that failure to charge on circumstantial evidence does not call for a reversal in the absence of timely objection. Charles v. State, 85 Tex. Crim. Rep. 534, 213 S. W. 266. We cannot refrain from observing that when one accused of crime is put to trial without counsel to properly protect his legal rights common fairness should deter prosecuting officers from introducing into the case any obviously improper evidence, and when such an attempt is made the trial court should promptly interpose his authority to prevent it.

The statement of facts can only be considered on the question of the sufficiency of the evidence to support the conviction. We have examined it carefully and entertain no doubt upon that point. Even disregarding the evidence which could have been excluded on proper objection, that remaining is amply sufficient to make out the state's case.

The motion for rehearing is overruled.          *Overruled.*