GORDON WILLIAMS v. THE STATE.

No. 12773. Delivered November 27, 1929.

The opinion states the case.

*Jones & Jones* of Mineola, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Armed with a search warrant, officers went to appellant's place of business and there they found a half gallon fruit jar of whiskey and seventeen pints. Another half gallon jar of whiskey appeared to have been broken on the floor of appellant's house upon the approach of the officers. It was also shown that some two or three days prior to this one of these searching officers had purchased from appellant a pint of whiskey. This was denied by three witnesses for appellant, who claimed to be present.

When the case was called for trial, appellant moved for a continuance on account of the absence of W. W. Williams, his father, who is alleged to have resided in the county of the prosecution about twelve miles distant from the county seat and who it is alleged and shown was under proper process and at the time in bed sick, a certificate of the attending physician being attached to the motion for continuance. To appellant's motion for new trial there is attached the affidavit of this witness. It is shown both in the motion for a continuance and in this affidavit that the father of appellant was a man about sixty-three years old, in delicate health, was under the care of a physician who had prescribed whiskey for his ailment and who would testify if present as a witness that he had met a vendor of whiskey a day or two previous to the aforesaid raid and had purchased from him the same quantity of whiskey found by the raiding officers at appellant's residence. He would further testify that he was unable to take this whiskey home and directed the bootlegger to leave same with his son at his place of business until he could call for same; that this whiskey was purchased for medicinal purposes only and was to be used by him for such purpose. It is appellant's theory that this whiskey belonging to his father was the whiskey found by the raiding officers. Appellant apparently used all the diligence possible to procure the attendance of this witness at the trial and that his testimony is material seems to admit of no doubt. In his absence appellant was apparently left without any defensive evidence against the charge of possession of intoxicating liquor for the purpose of sale.

When an affidavit of the absent witness is attached to the motion for new trial, showing that he would testify as set out in his application for continuance, the trial court is deprived of the discretion ordinarily vested in him to judge of its probable truth in the light of the entire record. Kellar v. State, 11 S. W. (2nd) 572. Such rule appears first to have come into existence in a case decided February 21, 1901, entitled Baines v. State, 42 Tex. Crim. Rep. 510, a vigorous dissent being filed at the time by one member of this Court. Whatever plausible reasons may be urged against such a rule, it seems to have been many times approved in the more than twenty-eight years since its first announcement. Long v. State, 39 Tex. Crim. Rep. 461; Freeman v. State, 75 S. W. 505; Lawhon v. State, 46 Tex. Crim. Rep. 555; Long v. State, 48 Tex. Crim. Rep. 435; Sneed v. State, 100 S. W. 922; Thomas v. State, 51 Tex. Crim. Rep. 330; Morgan v. State, 54 Tex. Crim. Rep. 549;

Davis v. State, 64 Tex. Crim. Rep. 8; McMillan v. State, 146 S. W. 1190; Rhea v. State, 148 S. W. 578; Valigura v. State, 150 S. W. 778; Baxter v. State, 150 S. W. 912; White v. State, 90 Tex. Crim. Rep. 584; Cruz v. State, 100 Tex. Crim. Rep. 188; Tubb v. State, 5 S. W. (2nd) 150; Mangrum v. State, 105 Tex. Crim. Rep. 644.

If there could be said to be doubt as to the correctness of the rule, there certainly can be none as to its existence and we feel impelled to follow same, which makes imperative the reversal of this case, because of the action of the Court in refusing to continue same.

Many other errors are assigned, which we deem unnecessary to discuss either because they are improperly presented or because they present matters of too trivial a nature to justify discussion.

Judgment reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.