W. H. LONG v. THE STATE.

No. 3064.    Decided June 21, 1905.

**Theft of Horses—Continuance—New Trial.**

Where on a trial for theft of horses, defendant applied for a continuance on account of material testimony of absent witnesses, and after conviction attached to his motion for new trial the affidavits of said witnesses corroborating defendant's application, a new trial should have been granted; especially where the facts of the case render such testimony probably true. Following Baines v. State, 1 Texas Ct. Rep., 816.

Appeal from the District Court of Montague.    Tried below before Hon. D. E. Barrett.

Appeal from a conviction of horse theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for either party has reached the reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of bringing two stolen horses from the Chickasaw Nation, Indian Territory, into Montague County, Texas, and his punishment assessed at two years confinement in the penitentiary.    The indictment alleges the property to be that of J. W. Weldon.    Prosecutor testified that he (J. W. Weldon) and his brother, James Weldon, owned an iron gray three year old filly, and a brown four year old filly, jointly; that they were running in the field at prosecutor's place, in the Chickasaw Nation, Indian Territory.    Prosecutor subsequently found them at Bowie, Montague County.    The proof shows that appellant brought the horses there and sold them to Southard. Appellant made a motion for continuance for want of the testimony of James Weldon, alleging that said Weldon was sick and unable to attend court, and no amount of diligence could have secured his attendance; that he lived over Red River a short distance from Montague County; that appellant being ignorant of the law did not make an effort to secure the testimony of said absent witness by deposition; that appellant expected to prove by said witness that the animals in question, alleged to have belonged to J. W. Weldon, did not belong to him, but belonged to J. H. Weldon and said James Weldon, and each of them owned a half-interest in said horses, and that J. W. Weldon owned no interest in said horses; and that said horses were in possession of J. H. and James Weldon jointly; that they were the owners and exercised full control over said horses.    By said absent witness, appellant expected to prove further, that he often used said horses and other stock of said absent witness, even without his consent, and that he had the full consent and leave from James Weldon to use said horses whenever he wished, and the full permission to take said horses into his (defendant's) possession at any time he wished.    Attached to the motion for new trial is the affidavit of James Weldon, in which he swears that he and Alvin Clifton Weldon are the absolute and exclusive owners of the horses in question, which said witness swears he understands were found in possession of W. H. Long in Bowie County on Saturday, January 21, 1905; that defendant had been about witness a great deal, assisting him in handling his horses, and because of witness' confidence in defendant's judgment of horses in talking to defendant, witness has used language that warranted defendant in understanding that he would be authorized to sell or trade his horses provided he accounted to witness for the proceeds arising from such sale or exchange.    Alvin Clifton

Weldon's affidavit states that one of the animals in question belonged to him. Where the affidavits of the absent witness are attached to the motion for new trial, and the same is material testimony to defendant, under the holding in Baines v. State, 1 Texas Ct. Rep., 816, the lower court should grant a new trial. Furthermore, we believe the testimony is rendered probably true by the facts of this case, since the prosecuting witness himself swears that he was joint owner of the property with his brother, James Weldon, and that he did not know of his own knowledge that appellant did not have his consent to take the animal. The absent witnesses swear circumstantially that appellant did have his consent to take the animal. This being the state of the record, waiving the question of diligence in procuring the testimony of the absent witness, we think the court should have granted a new trial. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*