## Paul Keith v. The State.

No. 7947.    Decided December 12, 1923.

1.—Burglary—Continuance.

Where the application for continuance, on account of the absent witness, was accompanied by the certificate of a physician that she was ill and could not attend the court, that no process could have secured her attendance, and her testimony was material, and no question of diligence arose, the application should have been granted, and could not be refused because other testimony combated the truth of the absent testimony. Following White v. State, 90 Texas Crim. Rep., 584.

2.—Same—Accomplice—Charge of Court.

Where there was an exception to the court's charge on accomplice testimony because the same followed a form substantially which has been frequently criticised by this court, the same should not have been given.

3.—Same—Insufficiency of Evidence—Want of Corroboration.

Where, upon trial of burglary, the chief witness for the State, was so connected with the offense that the court was required to at least submit the question as to whether or not he was an accomplice, the judgment must be reversed and the cause remanded.

Appeal from the District Court of Franklin.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wilkinson & Cook,* and *J. A. Ward,* for appellant.   On question of accomplice, Nunnally v. State, 90 Texas Crim. Rep., 333; Baggett v. State, 151 S. W. Rep., 560; Boone v. State, 235 id., 580.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Franklin County of burglary and given two years in the penitentiary.

The burglary was committed on Saturday night in a town distant from Mt. Pleasant, Texas, where appellant lived. The defense was an alibi. Appellant introduced three young men who testified that he with them constituted a quartet of singers and that they were preparing for an entertainment to be given the latter part of November 1922, and that they were practicing every Tuesday, Thursday and Saturday nights, these being their regular nights for practice. They usually started their practice about 7:30 or 8 o'clock, and practiced on Saturday nights frequently as late as 11 o'clock.

When the case was called for trial appellant presented an application for continuance on account of the absence of Mrs. Sallie Hill, his landlady who lived at Mt. Pleasant, Texas. By said witness he expected to prove that on the night of the alleged burglary at about 11 o'clock he came to his boarding place and paid her his room rent and went upstairs. The testimony of the accomplice witness to the effect that he, appellant and another committed the alleged burglary, was that they left Mt. Pleasant in a car about 9:30 or 10:00 o'clock and drove to the scene of the burglary in another town and returned to Mr. Pleasant about 2:30 or 3 o'clock the next morning. The application for continuance was overruled. It would thus appear that the testimony of Mrs. Hill would be of unquestioned materiality as corroborating appellant and as aiding in the establishment of his alibi. Appellant testified himself upon the trial that he did not leave Mt. Pleasant on the night of the alleged burglary, did not accompany State witness and took no part in the burglary whatever. Accompanying the motion for new trial, based in part upon the refusal of the continuance, appellant presented the affidavit of Mrs. Hill in which she stated that he did in fact come to her house where he boarded in Mt. Pleasant on Saturday night of November 4th at 11 o'clock and paid to her his room rent and went upstairs and that if he had come down again she felt sure she would have known it. The State contested the motion for new trial. An affidavit of the sheriff was attached to the contest or offered in evidence and was considered by the court. In the affidavit appears the statement that if the defense had procured an attachment the sheriff would have gone to the residence of Mrs. Hill and brought her to the courthouse; that he had seen her during the trial. Other facts were also stated. We neglected to say that the application for continuance on account of Mrs. Hill's absence was accompanied by the certificate of a physician that she was recovering from an acute attack of appendicitis and that she was unable to attend court.

There seems no question of the diligence used to procure the testimony of Mrs. Hill. If the State believed her well enough to come to court they could have procured an attachment for her and thus secured her presence. The truthfulness of her proposed testimony which appears to be combated by the affidavit of the sheriff is not held by us to be a matter which can be thus attacked. The law makes the jury the exclusive judges of the credibility of the witnesses and the weight to be given their testimony. We have said in many cases that where such affidavit accompanies the motion for new trial the right of the judge to presume that the witness if present would not have testified as set out in the application, does not exist and we regret our inability to agree with the conclusion of the learned trial judge as appears from his qualification of the bill

of exceptions that if the testimony had been present it would in all probability not have produced a different result. Questions similar to the one now under discussion have been passed upon in many recent cases. White v. State, 90 Texas Crim. Rep. 584; 236 S. W. Rep., 745.

There was an exception to the court's charge on accomplice testimony. The charge substantially follows that in Campbell v. State, 57 Texas Crim. Rep., 302, which has been frequently criticised by this court. See Walker v. State, 94 Texas Crim. Rep., 653, 252 S. W. Rep., 546; Abbott v. State, 94 Texas Crim. Rep., 31, 250 S W. Rep., 188. We can add nothing to what we have said in these last named opinions.

We are of opinion that the court should have submitted to the jury the question as to whether or not the witness Haydon Riddle was an accomplice. Riddle admitted that he thought certain goods were stolen. He assisted in the transportation of said goods and was present when some of them were sold by one admittedly a participant in the burglary after being so transported by him. He seems to have aided and participated in the further removal of said goods. In our opinion his connection with the goods after the alleged burglary was such as to require the court to at least submit the question to the jury as to whether or not he was an accomplice.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*