FLETCHER MANGRUM v. THE STATE.

No. 10464.   Delivered January 12, 1927.

**Burglary—Continuance—Improperly Refused.**

Where appellant asked for a continuance on account of the absence of witness Roach and it was shown that due diligence had been used to secure the presence of the witness, and in his motion for a new trial appellant attacked the affidavit of said Roach which disclosed that his testimony was very material to appellant's defense, the trial court erred in refusing him a new trial. Following Baines v. State, 42 Tex. Crim. Rep. 510, and other cases cited. See also Branch's Ann. P. C., Sec. 334, p. 193.

Appeal from the District Court of Hunt County.   Tried below before the Hon. J. M. Melson, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*John T. Spann* of Dallas and *H. L. Carpenter* of Greenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of burglary in District Court of Hunt County, and his punishment assessed at two years in the penitentiary.

It was the contention of the state that the appellant, together with Homer Horn and Elmer Smith, burglarized a house belonging to and in the possession of Frank Davies, near Quinlan, in Hunt County, Texas, on the night of February 13, 1926, and stole therefrom some automobile casings, rims, tools and an inner tube belonging to the said Davies. The appellant defended upon the ground of an alibi, and testified that at the time when the state contended the burglary was committed he was in the city of Dallas, and that the inner tube identified by the witness Davies as his property and found in the appellant's possession had been purchased by him, appellant, in the city of Dallas and in the presence of one Harry Roach.

The appellant, in due time, presented his first application for a continuance for the want of the testimony of the said Harry Roach, alleging that he expected to prove by said witness that he saw appellant, on the night of the alleged burglary, buy an inner tube of a gray or grayish color for a Ford car at a garage and filling station on East Grand street, in Dallas, Texas. The court overruled the motion and forced the appellant to trial, although the application showed that the said witness had been duly subpoenaed. The appellant, in his own behalf, testified that the inner tube which the prosecuting witness Davies identified as being his property was the same tube that Roach saw him purchase and pay for in the city of Dallas. The appellant, in his motion for a new trial, attached thereto the affidavit of the said Harry Roach covering and sustaining the allegations in the motion for continuance and corroborating the testimony of the appellant upon the trial. We think the court, under the facts of this case, fell into error in refusing to grant a new trial for the want of the testimony of the said Roach. This testimony was very material to the defense of the appellant and, if believed by the jury, would have been fatal to the contention of the state to the effect that the property found in appellant's possession was that lost by the witness Davies. Roach's affidavit being secured and attached to the motion for new trial, there

was no discretion left to the trial judge in passing upon the truth or falsity of the desired testimony. This was a matter which the appellant was entitled to have passed upon by a jury. See Branch's Ann. P. C., Sec. 334, p. 193, citing Baines v. State, 42 Tex. Crim. Rep. 510, 61 S. W. 119; also see White v. State, 90 Tex. Crim. Rep. 584, 236 S. W. 745.

There are other questions raised on this appeal which are not likely to occur upon another trial, and for that reason they are not discussed.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.