Bail ⚖49—Evidence held insufficient to show reasonable likelihood that jury would assess death penalty and warrant denial of bail.

Evidence showing that deceased died from blow inflicted by defendant with a Stillson wrench, the size and weight of which were not shown, and that on the night before the homicide defendant's wife had informed him of insulting words and conduct of deceased toward her, *held* not to show a reasonable likelihood that jury would assess death penalty or warrant denial of bail.

Appeal from District Court, De Witt County; John M. Green, Judge.

Criminal prosecution against William Nack. From an order on habeas corpus hearing denying bail, defendant appeals. Reversed, and bail granted.

Jno. H. Bailey and Crain & Hartman, all of Cuero, and W. T. Bagby, of Hallettsville, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

LATTIMORE, J. This is an appeal from an order of the district court of De Witt county, upon a habeas corpus hearing, wherein the appellant was denied bail.

It is customary for this court to refrain from a discussion of the facts upon a proceeding such as this. It is apparent from the evidence adduced that upon the trial hereof the court will be called upon to sub-mit the issues of self-defense and manslaughter. The record suggests that deceased came to his death by a blow inflicted by appellant with a Stillson wrench. There is nothing in the record showing the kind or character of weapon the Stillson wrench would be, nor the weight, size, etc., of same. Appellant's wife testified that, on the night before deceased was killed early the next morning, she informed appellant of insulting words and conduct of deceased toward her. We find ourselves unable to give assent to the proposition that this is a case in which there is proof so evident that it appears with reasonable likelihood that a jury upon the trial will assess the death penalty.

There is slight evidence upon which we may determine what would be a reasonable bail. Appellant appears to be a fairly well-to-do farmer, 63 years of age.

The judgment denying bail will be reversed, and bail granted in the sum of $7,500.

---

### MANGRUM v. STATE. (No. 10464.)

(Court of Criminal Appeals of Texas. Jan. 12, 1927.)

1. Criminal law ⚖917(2)—Denial of new trial for denial of continuance for absent witness, whose testimony would have supported defense of alibi, held error.

In prosecution for burglary, denial of motion for new trial, supported by affidavit of absent witness, whose testimony, to secure which continuance was refused, if believed, would have established defense of alibi, *held* error.

2. Criminal law ⚖917(2)—On motion for new trial, court has no discretion in passing on truth or falsity of testimony of absent witness.

On motion for new trial, court has no discretion in passing on truth or falsity of testimony of absent witness; such matter being one which defendant is entitled to have passed on by jury.

Commissioners' Decision.

Appeal from District Court, Hunt County; J. M. Melson, Judge.

Fletcher Mangrum was convicted of burglary, and he appeals. Reversed and remanded.

John T. Spann, of Dallas, and H. L. Carpenter, of Greenville, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Robt. M. Lyles, Asst. State's Atty., of Groesbeck, for the State.

BAKER, J. The appellant was convicted of burglary in the district court of Hunt county, and his punishment assessed at two years in the penitentiary.

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] It was the contention of the state that the appellant, together with Homer Horn and Elmer Smith, burglarized a house belonging to and in the possession of Frank Davies, near Quinlan, in Hunt county, Tex., on the night of February 13, 1926, and stole therefrom some automobile casings, rims, tools, and an inner tube belonging to the said Davies. The appellant defended upon the ground of an alibi, and testified that, at the time when the state contended the burglary was committed, he was in the city of Dallas, and that the inner tube identified by the witness Davies as his property, and found in the appellant's possession, had been purchased by him (appellant) in the city of Dallas and in the presence of one Harry Roach.

[2] The appellant, in due time, presented his first application for a continuance for the want of the testimony of the said Harry Roach, alleging that he expected to prove by said witness that he saw appellant, on the night of the alleged burglary, buy an inner tube of a gray or grayish color for a Ford car at a garage and filling station on East Grand street in Dallas, Tex. The court overruled the motion, and forced the appellant to trial, although the application showed that the said witness had been duly subpœnaed. The appellant, in his own behalf, testified that the inner tube which the prosecuting witness Davies identified as being his property was the same tube that Roach saw him purchase and pay for in the city of Dallas. The appellant, in his motion for a new trial, attached thereto the affidavit of the said Harry Roach covering and sustaining the allegations in the motion for continuance and corroborating the testimony of the appellant upon the trial. We think the court, under the facts of this case, fell into error in refusing to grant a new trial for the want of the testimony of the said Roach. This testimony was very material to the defense of the appellant, and, if believed by the jury, would have been fatal to the contention of the state to the effect that the property found in appellant's possession was that lost by the witness Davies. Roach's affidavit being secured and attached to the motion for new trial, there was no discretion left to the trial judge in passing upon the truth or falsity of the desired testimony. This was a matter which the appellant was entitled to have passed upon by a jury. See Branch's Ann. P. C. § 334, p. 193, citing Baines v. State, 42 Tex. Cr. R. 510, 61 S. W. 119, 312; also, see, White v. State, 90 Tex. Cr. R. 584, 236 S. W. 745.

There are other questions raised on this appeal which are not likely to occur upon another trial, and for that reason they are not discussed.

For the error above discussed, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.