### Joe Sullivan v. The State.

No. 10771. Delivered April 6, 1927.

**1.—Burglary—Continuance—Improperly Refused.**

Where appellant requested his first continuance on account of the absence of the witness Tommie Jones, and it appearing that due diligence had been used to secure the attendance of said witness, and his affidavit attached to appellant's motion for a new trial, the continuance should have been granted. The question of the probable truth of the testimony was not one for the decision of the trial judge.

**2.—Same—Bill of Exceptions—Qualification of Court—How Contested.**

The qualification of a bill of exception cannot be contested by affidavits protesting against the qualification. Unless excepted to, the bill of exception will be considered on appeal as qualified. If same is excepted to, it will be considered without such qualification.

3.—Same—Requested Charge Covered by Main Charge—Properly Refused.

Where the court's main charge correctly presents to the jury the issues covered by a requested charge, there is no error in refusing to give the requested charge.

Appeal from the District Court of Cass County. Tried below before the Hon. Hugh Carney, Judge.

Appeal from a conviction for burglary, penalty two years in the penitentiary.

The opinion states the case.

*O'Neal & Harper* of Atlanta, for appellant. On refusal of first application for a continuance, appellant cites: Wade v. State, 172 S. W. 215; Davis v. State, 141 S. W. 264; Thomas v. State, 101 S. W. 797; Lopez v. State, 106 S. W. 336; Baxter v. State, 150 S. W. 912.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BETHEA, JUDGE.—Appellant was convicted of the offense of burglary, and his punishment assessed at two years in the penitentiary.

The contention of the state was that the appellant, together with one Looney Adcock, in the night-time, broke and entered into the storehouse of one E. H. Ball and took from said store about five hundred dollars' worth of dry goods. The state relied for conviction upon the testimony of the accomplice witness, Looney Adcock.

The appellant's defense was an alibi.

In due time, appellant filed an application for continuance, based upon the absence of the witness Tommie Jones, a material witness for the defense. Appellant caused to be issued on the 21st day of September, 1926, through his attorney, a subpœna for said witness, directed to the Sheriff of Cass County, and placed the subpœna in the hands of the sheriff on the same day said subpœna was issued. Witness further alleged in said application for continuance that the appellant, by his own personal efforts, and through the efforts of his friends, tried to locate said witness by going to his home and by instituting search for him during the period from the 27th day of September, 1926, up to the 11th day of October, the date on which the case was called for trial, but failed to locate him. It is further alleged that said witness resides in Cass County, and during all this period had been a citizen of said county.

The appellant, as shown by his application for continuance, expected to prove by the witness Jones that on the night Ball's store was burglarized, along about 12 o'clock at night he, the witness Jones, found the gray horse of the appellant, with a saddle and bridle on, at or near the home of the father of the witness; that said horse was loose and not attended by any person; that he caught the horse and tied him to a tree at a point about ninety yards from his father's house; that the horse was missing the next morning at 8 o'clock when he looked for him; that the point where he saw the horse grazing and where he caught him was on or near a public road that leads from Marks Coombs' residence to Ravana, where the appellant resided.

It was proved in the trial that on the night of the alleged robbery and burglary of the store, while the appellant was on his way from his home to the residence of Ethel Sullivan, his sister-in-law, who was then sick, to carry her medicine, he reached the residence of Marks Coombs and stopped there a short while, and while there his horse escaped from him, and he had to continue his journey on to his sister-in-law's home on foot; that the horse was found on the road the same night.

The state proved by the witness Looney Adcock that on the night of the alleged burglary the appellant came to the home of John Davis, where John Davis, Joe Ogburn and Bob Givens were; that the appellant was riding a gray horse; that the witness Adcock was preparing to return home when the appellant came up; that the appellant and Adcock had a talk and decided they would go off on a little trip; that the appellant then took his horse and went on down the road and tied it to a tree. The witness Adcock testified that he was there when the appellant tied his horse; that the appellant got in the car with Adcock about 9 o'clock at night; that after the appellant tied his horse he got in the car with Adcock and they went from there to Atlanta, and from Atlanta to Queen City, and then to Ball's store in the town of Cass, where they robbed the store.

It seems to us that there is no question but that the testimony of the absent witness, Tommie Jones, was very material to offset the testimony of the accomplice witness, Adcock, and as an explanation of the finding of the gray horse tied to a tree near the home of the father of the absent witness Jones. Said testimony was also very material as tending to establish appellant's only defense—an alibi.

In our opinion diligence was shown, and the absent testimony was material, and was of such a character that the same might

have produced a different result. The appellant filed a motion for a new trial and to his motion attached the affidavits of the witness Tommie Jones, in which the witness stated that, if present, he would testified to facts which appear almost identical with those contained in the application for continuance. This court has frequently held that if the absent witness makes affidavit that he would have sworn to the facts set out in the application and said affidavit is attached to the motion for a new trial, the question of the probable truth of such testimony is no longer one for the decision of the trial judge. White v. State, 236 S. W. 745.

We are of the opinion that the learned trial judge fell into error in refusing to grant appellant's application for continuance and his motion for a new trial.

There are a number of other questions raised by bills of exception appearing in the record. The bills of exception referred to are qualified by the learned trial judge, and we also note in the record separate affidavits which appear to have been filed for the purpose of protesting against the qualification of the learned trial judge. Ordinarily, when a trial judge qualifies a bill of exception, and the appellant does not except to the qualification, the court will take the qualification, without referring to the record, as being correct. There are no exceptions to the qualifications of the bills of exception, but there appear in the record protests filed against the court's qualification in the form of affidavits. We cannot consider these protests for the reason that they are not certified to by the learned trial judge. As qualified, these bills present no error.

There appears an exception in the record complaining of the court's refusal to give special charge No. 1, requested by the appellant, on the question of accomplice. This special charge, requested and refused, was covered by the main charge, which we think fully apprised the jury of what was necessary to be done in regard to an accomplice's testimony.

In view of another trial, we will say that it is our opinion that the corroborating evidence in this case is very meager.

Bills of exception Nos. 5, 6, 7, 8 and 9 complain of the closing arguments of the District Attorney. From an examination of these bills it appears that the District Attorney in his arguments went beyond the record to say things that the court should not have permitted. However, the questions raised by these bills are not likely to occur again in another trial. For this reason we pretermit a further discussion of the same.

For the failure of the court to grant appellant's. application for continuance and motion for a new trial, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.