### WILL COONER V. THE STATE.

No. 10542.   Delivered June 15, 1927.

**Rape—New Trial—Improperly Refused.**

Where appellant requested a continuance on account of the absence of a material witness, proper diligence having been shown, and in his motion for a new trial attached the affidavit of said witness whose testimony was of vital importance to his defense, the motion for a new trial should have been granted.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction of rape, penalty twenty-five years in the penitentiary.

The opinion states the case.

*Hall, Brown & Hall,* and *Scott & Carey* of Marshall, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of rape, and his punishment assessed at twenty-five years in the penitentiary.

The record discloses that the appellant was indicted on May 25, 1926, for the offense of rape upon one Valrie Wells, a girl about eleven years and six months old, on or about May 9, 1926. It was the contention of the state, and the prosecutrix so testified, that on Sunday, May 9, 1926, the appellant and his wife invited the prosecutrix to go with them and spend the day at the home of appellant's wife's grandparents; that they returned to appellant's house in the afternoon and, after dark, all three parties started in appellant's car for the prosecutrix's home; and that the appellant, instead of taking the road which led from the main highway to prosecutrix's home, drove his car about half a mile farther down the road to a place known as the "Patton bottoms." The prosecutrix further testified that the appellant stopped his car at this place and, without saying a word, attempted unsuccessfully to have intercourse with her on the back seat of the car, after pulling her over the front seat, all of which occurred in the presence of appellant's wife. The appellant then took the rear cushion of the car, according to prosecutrix's testimony, placed it on the ground near the car, dragged prosecutrix out of the car, tore her bloomers, and there had sexual intercourse with her, and when appellant's wife told him to let the prosecutrix alone, and to behave, he threatened to knock her (his wife) out of the car.

The appellant took the stand and denied that he had ever engaged in sexual intercourse with prosecutrix, or made any attempt to do so, and further testified that he did not take her and his wife to the Patton bottoms on the night of the alleged offense, but that he took prosecutrix directly to the home of her parents. Appellant's testimony was corroborated by that of

his wife, who denied in toto the testimony given by prosecutrix relative to the alleged act of intercourse.

There is but one question in the record which necessitates a discussion, and that is the refusal of the court to grant appellant's first application for a continuance, based upon the want of the testimony of his brother-in-law, George Wolaver, as set out in bill of exception No. 1 and brought forward in appellant's motion for new trial. The appellant alleged in his application for continuance that he expected to prove by the witness that on the night of the alleged offense he traveled in his automobile behind appellant's car as it carred the appellant, appellant's wife and the prosecutrix from appellant's house down the road in the direction of prosecutrix's home, and that the appellant turned off the main highway about a half-mile from the Patton bottoms and took the road leading to prosecutrix's home. The witness made an affidavit substantiating the allegations in appellant's motion for continuance, and the affidavit was attached to appellant's motion for new trial. This bill of exception discloses that the witness did not know that the prosecutrix contended that the rape took place in the Patton bottoms until July 1, prior to the trial of the case on July 5, and that he immediately sent word to appellant in jail as to what his testimony would be. Appellant obtained process for said witness at once, but it was not served on him before the end of the trial. The record further discloses that the witness lived in an adjoining county, and that the officers went to the witness' home but were unable to find him there. The affidavit also states that on one occasion the witness was in the field at work when the officers were supposed to have been at his house, and that on the other occasions he was on the creek fishing. There is nothing in the record showing that the appellant did not exercise due diligence in attempting to obtain this testimony as soon as he learned of its materiality, and the affidavit having been attached to the motion for new trial, we think the trial court committed error in refusing to grant said motion after the materiality of the testimony was apparent, and that under the facts of this case the appellant was entitled to have the jury pass on this testimony, especially in view of the fact that appellant and his wife, who were interested parties, were the only witnesses who could testify at the trial contrary to the testimony of the prosecutrix. White v. State, 90 Tex. Crim. Rep. 584, 236 S. W. 745; Terry v. State, 100 Tex. Crim. Rep. 188, 272 S. W. 466; Mangrum v. State, 290 S. W. 166; Conner v. State, 292 S. W. 906.

There are other bills of exception in the record complaining

of the argument of the attorneys for the state, but a discussion of these bills is unnecessary in view of·the fact that the matters complained of will not likely arise in the same form upon another trial.

For the error above discussed, the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.