## T. A. Morris v. The State.

No. 14029. Delivered January 14, 1931.
Reported in 34 S. W. (2d) 867.

The opinion states the case.

*Baker & Baker* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction for driving an automobile while intoxicated; punishment, forty-five days in the county jail.

Appellant sought a continuance because of the absence of one Bennett. Bennett had been subpoenaed but was not present at the time of the trial. It was alleged that he resided in the county. The motion for continuance was overruled. The testimony showed Bennett to have been present at the time or immediately after the time that appellant and one Simmons had a collision on the streets of Santa Anna in Coleman county at night while in their respective cars. It seems that following a discussion between Simmons and appellant as to which was responsible for the collision, appellant got in the car of Bennett and proceeded to look for some officer. The night watchman in Santa Anna who reached the scene shortly after the collision arrested appellant while in Bennett's car, and with the assistance of deputy sheriff Dykes the two officers took appellant to the calaboose where he was locked up. The next morning, according to the testimony of the mayor and city attorney of Santa Anna, appellant pleaded guilty to charges of drunkenness and reckless driving and paid fines for both offenses. Mr. Dykes testified that appellant was drunk on the occasion mentioned. Mr. Simmons,

the party with whom appellant collided, declined to state that appellant was drunk on said occasion. Appellant testified he was not drunk, and that he pleaded guilty the next morning, as he supposed, only to reckless driving. He said he did not intend to plead guilty to drunkenness. Messrs. Robertson and Stewart for the defense testified appellant was not drunk at the time of said collision.

In his application for continuance appellant set up the fact that Bennett was present, and that he rode in the same car and on the seat by Bennett immediately after the collision, and that Bennett would testify that appellant was not drunk and did not stagger when he walked, and that he did not smell whisky upon him at all. In conjunction with his motion for new trial appellant presented the affidavit of Bennett in which he said that had he been present at the trial he would have sworn that appellant was not drunk, did not stagger and that he did not smell liquor upon appellant.

We have carefully considered the contention both of the State and the appellant in regard to this matter, and are of the opinion that the trial court should have granted appellant's motion for a new trial. There can be no question but that Bennett's testimony was material, and especially so in view of the fact that defense witness Robertson said he was the father-in-law of appellant, and that defense witness Stewart admitted that he himself had been drinking on the night in question. This apparently would leave appellant without other disinterested and thoroughly competent testimony as to the fact of drunkenness vel non. The point involved has been considered by this court in many cases and in practically all of them the contention of appellant has been upheld. Authorities are cited in White v. State, 90 Texas Crim. Rep. 584.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*