## TOM WALTON v. THE STATE.

No. 13772. Delivered January 14, 1931.
Reported in 34 S. W. (2d) 598.

The opinion states the case.

*Seale & Denman* and *Adams & McAlister,* all of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction for assault with intent to murder; punishment, two years in the penitentiary.

Appellant was charged with the offense of assault with intent to murder alleged to have been committed upon one Grif Aldridge in Nacogdoches County, Texas. The theory of the State was that the defendant shot the complaining witness without any cause or provocation whatsoever, other than that he, the appellant, thought complaining witness had it in for him. The evidence of the witness Grif Aldridge was in effect that he was standing on the porch of the barber shop and the appellant walked out of the barber shop and started shooting him for no cause or reason. It was appellant's theory that he acted in self-defense; that the injured party, Grif Aldridge, was the aggressor in the fight and assaulted him and drew a pistol upon him and that he shot the complaining witness because of said assault and that because of threats which were alleged to have been made by complaining witness and communicated to him, he thought at the time complaining witness was about to carry out said threats and that he was afraid of said witness. The appellant offered two witnesses, one of them corroborating him as to most of the material facts sworn to by him, except as to the complaining witness having a pistol at the time of the difficulty. The other witness, a cousin of the appellant, merely testified as to threats claimed to have been made to said witness by the witness, Grif Aldridge, and which said witness claimed to have been communicated to the appellant. The State offered two witnesses in their direct evidence substantially corroborating witness Aldridge and in rebuttal offered three witnesses in corroboration of the testimony of Grif Aldridge, all of said witnesses claiming that they saw no pistol in the hands or on the person of said Grif Aldridge, if he had one, at the time of the difficulty.

Bill of exception No. 3 by the appellant was because of the Court permitting the witness for the State, Grady Nutt, while upon the stand to testify over the objection of appellant as follows:

"When he saw Tom Walton, he ran in the store and said, 'Don't let him kill me.' "

Appellant, at the time it was offered, objected to said testimony for the following reason: That the commission of the offense was over and that the declaration of the prosecuting witness to Grady Nutt was hearsay to the defendant, in that it is not shown that the defendant was situated so as to hear the declaration of the witness. The testimony of the witness Grady Nutt was to the effect that about seven thirty or eight o'clock, Grif Aldridge came in his store. "I saw the defendant, Tom Walton, in a little bit after Grif Aldridge came. When Grif Aldridge saw the defendant he had just come up there about two or three minutes; it was in three minutes of the time. Grif had just come to my place. I heard the shooting. When I heard the shooting I went out of my place. Grif Aldridge was the first man to come up there. * * * When he saw Tom Walton, he ran in the store and says, 'Don't let him kill me.' "

In our opinion this testimony was admissible as part of the res gestae. The complaining witness had just been shot and had run, according to the testimony, directly to the place of business of the witness Nutt. In our opinion the admission of this evidence was not error.

Bill of exception No. 1 complains of the Court's action in overruling appellant's second application for a continuance because of the absence of three witnesses, Zeppie Dove, Casey Brown and L. C. Cartwright. Said application was in substantial compliance with the requirements of the statute. It set out that diligence had been shown to secure said witnesses and the testimony expected to be proved by them. Appellant's application for continuance was overruled, to which he excepted, and the appellant was put upon trial. After the trial and conviction, among the grounds set up for new trial was the refusal of the Court to grant said continuance and attached to said motion for new trial were the affidavits of the witnesses Zeppie Dove and Casey Brown.

The affidavit of the witness Zeppie Dove was substantially as follows:

That she had been subpoenaed and was in attendance upon court at a former term of the court and had been notified to be in attendance upon court on the day of the trial but that she was sick in bed on the day of the trial in Shreveport, Louisiana, and did not get out of bed until the 21st day of March, 1930; that she saw the difficulty between prosecuting witness and defendant; that the first thing that attracted her attention was while defendant was talking over the telephone, the prosecuting witness came in with his right hand

in his overall pocket, and later both defendant and prosecuting witness left the room and went on the front gallery. At about the same time witness ran to the door and saw defendant and prosecuting witness scuffling; that when the defendant shot the second shot, prosecuting witness dropped the pistol on the ground and turned and ran up the street towards Mr. Nutt's filling station; that it was her idea that Ed Davis picked up the pistol. Further the affidavit shows that she would testify that defendant was trying to get out of the barber shop when prosecuting witness stopped him by saying something which witness did not understand.

The affidavit of the witness Casey Brown was substantially to the effect that he was present at the time of the shooting and that when he and appellant left the barber shop just before the shooting, he was ahead of appellant, and when they reached the front gallery, Grif Aldridge, complaining witness, said to the appellant, "You think you are smart but I am smarter"; and about that time Aldridge reached for appellant. They began scuffling and Aldridge was trying to get something out of his pocket and had appellant by the collar, and that it was then that appellant took out his pistol and fired at Aldridge. In addition said affidavit shows that sometime before the shooting he was present when Aldridge approached the appellant and had some words with him, and left saying, "I will see you later," and that said conversation was before said difficulty at the barber shop, but on the same day; that some days before the shooting he met Aldridge on the street; that Aldridge told him that appellant could not take his girl and get away with it, and that he told the appellant of said conversation before the difficulty.

These affidavits filed by the witnesses in the motion for new trial were substantially in accordance with the facts set out in appellant's motion for continuance as to what he expected to prove by said absent witnesses.

The law in this State appears to be well settled that an application on the part of the defendant asking for a continuance on grounds of the absence of material witnesses and diligence having been shown to procure the testimony of same and said motion for continuance having been overruled and defendant forced to trial over his objection, duly preserved, and where trial has been had and conviction follows and that where a motion for new trial has been based on account of defendant having been deprived of the testimony of said witnesses and the absent witnesses made affidavit that he or they would have sworn, if present, to the facts stated in

the application, and such affidavits being attached to the motion for new trial, the question of the probable truth of such testimony is no longer one for the decision of the trial court. This Court in the case of White v. State, 90 Tex. Crim. Rep. 584, speaking through Judge Lattimore, after stating this to be the rule, makes the following statement of the law:

"This, however, should not be understood to necessitate a new trial unless the materiality of such absent testimony be such as that, if true, it would likely produce a different result upon another trial."

He cites in support thereof Branch's Ann. P. C., Sec. 338, and authorities cited, and continuing, he further holds as the law:

"Nor would it call for the granting of a new trial when there was other evidence cumulative of same, present or available to appellant so that it reasonably appeared that no injury resulted from the absence of such testimony."

This authority seems fully supported by the authorities in this State cited in Judge Lattimore's opinion. It will be readily seen that the effect of the opinion cited that while the probable truth of testimony set out in affidavits of absent witnesses attached to the motion for new trial is not for the decision of the trial court in passing upon appellant's motion for new trial, reversal will follow if it appears from the record that no other reason could be inferred for the trial court refusing a new trial. But as to whether such absent testimony, if accepted and taken as true, as required by law, was so material as that it would, if produced on a new trial, probably cause a different result, or whether such evidence was merely cumulative of evidence that at the time of the trial of the case was present in court or available to the appellant, are questions that the trial court has a right to consider in passing upon a motion for new trial, but this discretion is subject to review when properly presented and complained of by the appellant.

We believe that the evidence as shown by the affidavits of the absent witnesses attached to the motion for a new trial was material to the appellant's defense upon the issue of whether or not the complaining witness, Grif Aldridge, had drawn a pistol on the appellant at the time of the difficulty before appellant shot him, and that there was no other evidence in the trial that directly supported appellant's evidence upon this issue. Nor does the record show that there was other evidence present in court or available to appellant at the time of the trial that would support his testimony upon this issue. We are of the opinion that the appellant's motion for new

trial should have been granted and that the refusal to do so was such error as calls for a reversal.

Reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.