## L. F. ODOM v. THE STATE.

No. 17546.  Delivered June 12, 1935.
Rehearing Denied October 16, 1935.

The opinion states the case.

*H. R. Bishop,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft; punishment, three years in the penitentiary.

C. R. Haley and his brother were at the Labor Temple. Their car was parked on Third Street, between Main and Commerce. When they left the temple and started toward their car it was between 9:30 and 10 o'clock P. M. They saw their car moving down the street toward them. They hurried to meet it. A man was in their car under the wheel. Another man was in a Studebaker sedan behind their car, pushing it. One of the Haleys jumped on the running board of their car

and the other started around to where the man was furnishing the motive power. When the driver of the last mentioned car saw Haley coming toward him he stopped,—began backing his car, and when he had gone back a sufficient distance he started the car forward and hurried off down the street. Haley testified that he got a good look at the man in this car, and that it was this appellant. He got the number of the Studebaker sedan driven by appellant. The other Mr. Haley got a good look at the man who jumped out of their car and ran away, and positively identified this man as one Carey. Later during that same week this appellant and Carey were arrested by officer Rabb in a Studebaker sedan which bore the license number of the one in which Haley testified appellant was on the night of September 12th, when engaged in attempting to remove their car. Appellant offered no testimony.

Appellant has only one bill of exceptions, in which his point is that the court below erred in not continuing the case because of the absence of Fannie Oldham, a witness alleged in the application for continuance to live in Dallas, and for whom appellant says he sought subpoena about September 1, 1934, and for whom a subpoena was apparently issued about September 10, 1934, returnable September 21, 1934. It was alleged that the witness Fannie Oldham lived at a certain number on a street named, in Dallas, Texas. We are informed by the application for continuance that some time during the last week in August, 1934, this case was set for trial for September 21, 1934. If written application for subpoena was made, it is not shown or stated,—nor is any subpoena attached to the application for continuance, nor is any statement made showing what was done with such process, if issued, other than to say in the application for continuance that the sheriff of Dallas county on September 15, 1934, returned into court said subpoena with a notation thereon "Unable to locate."

Notwithstanding appellant says in his application for continuance that witness lived in Dallas, but "is temporarily absent from Dallas county, and will return in the immediate future," etc., no alias process was issued for her between September 15th and September 21st, the date set for trial. Dallas is only a short distance from Fort Worth, and diligence would seem wanting in appellant's failure to seek additional process upon the return of his first subpoena unserved nearly a week before the date of trial. It further appears that when

the motion for continuance was overruled, no process was then sought for the witness.

The trial and conviction of appellant was on September 21, 1934, on which day he made the application for continuance above referred to, which bears two names, viz: L. F. Oldham and L. F. Odom. The absent witness referred to in the application for continuance made an affidavit in Fort Worth, which is appended to appellant's motion for new trial, in which she says she has for many years "Known the man who was convicted in the Criminal District Court under the name of L. F. Odom, and was with him on the evening of September 12, 1933, in a car which he drove to the corner of 12th and Calhoun Streets in Fort Worth, and that he got out of said car, and was talking with a man named Lum West when two men approached and wanted to borrow the car of appellant, and offered to pay for its use to take some girls driving; that appellant loaned them his car, and borrowed another car to take her home in, and that she was with appellant,— either in the borrowed car or at her home,—until between 9:30 and 10 P. M. that night, and that appellant at no time ever was concerned in moving any car, and was not at or near the corner of Third and Main or Third and Commerce Streets in Fort Worth during said time." It is a matter of supposition only that this affidavit was brought to the attention of the trial court, as no bill of exceptions was taken to the overruling of the motion for new trial, and there is nothing to show that the affidavit appended to the motion was offered in evidence before the court or otherwise brought to his attention. We act upon the matter, however, upon the presumption that he was aware of and took cognizance of said affidavit. We are asked to hold erroneous the action of the court in refusing to grant appellant's continuance, and also in overruling the motion for new trial.

We note that on the trial of the case appellant did not take the stand or offer any testimony. He had the right to remain off the witness stand if he wished to, but in examining the application for continuance and the affidavit of Fannie Oldham we note that there were three witnesses besides Fannie Oldham who could have given similar testimony strongly favorable to appellant, no one of whom was used as a witness, nor effort made apparently to have them present at court as witnesses in the case. Fannie Oldham swears that Lum West was present talking to appellant when two men hired appellant's car at 12th and Calhoun Streets in Fort Worth on the

night in question. Appellant set up in his application for continuance that she would testify to these facts. Lum West was not used as a witness, and no effort was apparently made to get him for such purpose. Again it would be idle to suppose that appellant would hire his car in the nighttime to two strangers in order to enable them to meet dates with girls. To believe that he would hire his car, would entail belief that he knew one or both of said men well enough to trust his car to them. No such two men were sought for or offered as witnesses in this case. That they brought the car back to appellant is evident, for officer Rabb testified that he arrested appellant and Cary in the same car that same week. These facts regarding these available witnesses, or witnesses who might be available, appear without contradiction.

The court adheres to the doctrine laid down in White v. State, 90 Texas Crim. Rep., 584, 236 S. W., 745; Wiley v. State, 36 S. W. (2d) 495; Walton v. State, 116 Texas Crim. Rep., 20; Escobar v. State, 51 S. W. (2d) 348, and others holding that the affidavit of the absent witness, though attached to the motion for new trial, would not necessitate the granting of a new trial when it appears that there was other like testimony present or available to the accused which was not used or produced, or reasonably sought after so as that the action of the lower court in refusing a new trial would appear within his discretion.

We might add that this court would be loath to unduly curtail the discretion of the lower court in passing on the probability vel non of a different result upon another trial in case the absent witness could be present and testify as appears in her affidavit, under facts such as are before us in this case. The affidavit of Fannie Oldham suggests that appellant's true name is not L. F. Odom. His application for continuance is signed, "L. F. Oldham. L. F. Odom." The name of the absent witness is Fannie Oldham. She swore that she has known appellant for many years, but says not a word about their relationship. She says in the affidavit that she was with him the night of the alleged theft until between 9:30 and 10 P. M. The Haleys in their testimony fix the hour when appellant was seen in the act of appropriating their car as between 9 and 10 P. M. Their identification of appellant and his companion Carey was positive. Nothing in the affidavit or in the record shows how far appellant would have had to go after parting with Fannie Oldham, on

the night in question before he would be where Mr. Haley saw him in possession of his car. He might have parted with Fannie Oldham between 9:30 and 10 o'clock, and still have been caught appropriating Haley's car between 9 and 10 o'clock. The dates overlap. A few moments in a swift car covers many miles. None of the parties claimed to have looked at a timepiece. The easy stretch of such estimated time, when coupled with the certainty of appellant's identification by Mr. Haley, and the failure to produce avaliable witnesses makes such a state of facts as would hardly justify us in saying that the learned trial judge exceeded his discretion in overruling appellant's motion for new trial.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—A review of the record in the light of the motion for rehearing leaves us of the opinion that the diligence to secure the absent testimony was not sufficient. Deeming the proper disposition of the case to have been made on the original hearing, the motion for rehearing is overruled.

*Overruled.*